W. H. Davenport v. The State.

No. 7205.   Decided March 7, 1923.

1.—Carrying Pistol—Requested Charge.

Where, upon trial of unlawfully carrying a pistol, there was no error in overruling peremptory instructions to acquit, as it was the province of the jury to determine the facts and not the court; besides there were no objections in writing to the court's charge.

2.—Same—Charge of Court—Theory of Defense.

Where the court properly charged the jury that if defendant had reasonable ground for fearing unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the person about to make such attack upon legal process, he would not be guilty, the same was sufficient.

**3.—Same—Rehearing—Statutes Construed.**

Where the appellant took the ground in his motion for a rehearing that the danger was so imminent and threatening as not to admit the arrest of the party, etc., that therefore no conviction could be sustained, held that under the amendment of Article 476, C. C., this contention is untenable.

Appeal from the County Court of Hardin. Tried below before the Hon. Thos. F. Teel.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Howth & O'Fiel, Lamar Hart, A. M. Hill,* for appellant. Cited Short v. State, 8 S. W., Rep., 281; Price v. State, 35 id., 988; Gazley v. State, 17 Tex. Crim. App., 267.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, JUDGE.—Upon conviction for unlawfully carrying a pistol, appellant's punishment was assessed at thirty days confinement in the county jail.

Appellant was arrested on January 17, 1922, in front of the post office at Sour Lake and a pistol was found upon his person. He defended on the ground that on the night of January 4th, a colored boy had come to appellant's house and told him a man had given him fifty cents to come and tell appellant he was wanted at the telephone; that he became suspicious and knowing other parties in the same locality had been decoyed from their homes by this means and treated with violence, he declined to go; that the next day he went to the telephone office and ascertained no call had been made for him the night before, and no message dispatched for him from the telephone office; that, knowing some parties had been attacked in daylight after efforts to decoy them out at night had failed, and not knowing who the parties were who might be seeking to do him violence and therefore being unable to resort to legal means for protection, he was carrying the pistol for his protection against an anticipated attack. The negro boy who delivered the message and the telephone operator confirmed appellant's testimony in so far as they knew of facts asserted by him.

The trial court properly refused two special charges which were in different form, but both were peremptory instructions to acquit. An issue was raised by the evidence but it was the jury's province to determine the facts and not the court. We would observe in this connection also that the record shows no objections in writing to the court's charge. There does appear what purports to be a bill of exceptions upon the subject, but it is marked "refused," and properly has no place in the record. This being a misdemeanor case,

the general rule would apply requiring timely exceptions to the general charge, as well as requested charges. (Note 49, Art. 743, p. 518, Vernon's Crim. Stat., Vol. 2.)

The court properly charged the jury that if appellant had reasonable ground for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the person about to make such attack, upon legal process, he would not be guilty. Having so guarded the rights of appellant, and the jury having decided the issue against him, nothing remains for us but to affirm the judgment.

*Affirmed.*

### ON REHEARING

### April 25, 1923.

MORROW, PRESIDING JUDGE.—In a very persuasive argument counsel for appellant insists that the evidence to the effect that the appellant had reasonable ground for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit the arrest of the party about to make the attack upon legal process was all one way, and for that reason no conviction could be sustained. If there had been no change in the statute, we would be reluctant to take issue with appellant's position. Article 476 of the Penal Code formerly exempted from the operation of the statute making it unlawful to carry a pistol persons in the situation of that claimed by the appellant to have been his. The amendment of that statute, however, by the Acts of the thirty-fifth Legislature, Fourth Called Session, Chap. 91, seems to have eliminated that section. See Vernon's Complete Stat., 1920, Sec. 476; also Vernon's Tex. Crim. Stat., Sup. 1922, p. 2157.

In view of the change in the law, we are constrained to overrule the motion for rehearing.

*Overruled.*